**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

JEAN-CLAUDE FRANCHITTI, on behalf of The UNITED STATES OF AMERICA,

Plaintiffs,

v.

COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION and COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION,

Defendants.

Civil Action No.

FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)

Trial by jury demanded.

**COMPLAINT FOR VIOLATIONS OF THE FALSE CLAIMS ACT**

*Qui Tam* Relator Jean-Claude Franchitti ("Relator") brings this Complaint pursuant to the False Claims Act, 31 U.S.C. § 3729, *et seq.*, on behalf of the United States against Defendants for fraudulently misusing certain work visas. Plaintiffs seek to recover all damages, civil penalties, and other remedies available under the

THE LAW OFFICE OF JONATHAN RUDNICK LLC
788 SHREWSBURY AVE., SUITE 204
TINTON FALLS, NJ 07724

False Claims Act against Defendants Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation (collectively "Cognizant").

**INTRODUCTION**

1. This action involves Cognizant's use of fraudulent invitation letters to procure visas for foreign workers' employment in the United States in violation of 31 U.S.C. § 3729 *et seq*. This action also involves Cognizant's failure to pay its visa workers the required wage rate, in violation of 20 C.F.R. § 655.731(a), and its improper use of B-1 visa workers to perform skilled and unskilled labor in the United States. These actions have resulted in significant tax revenue losses by the United States government.

**THE PARTIES**

2. The Plaintiff in this action is the United States of America, by and through *Qui Tam* Relator Jean-Claude Franchitti. Relator Jean-Claude Franchitti was born in France, is a permanent resident (green card holder) of the United States of America, and resides in the State of New York.

3. Defendant Cognizant Technology Solutions Corporation ("CTSC") is an American multinational corporation that provides information technology and consulting services to customers located worldwide and is the parent company to Cognizant Technology Solutions U.S. Corporation. CTSC is a Delaware corporation and maintains its World Headquarters and principal place of business in Teaneck,

THE LAW OFFICE OF JONATHAN RUDNICK LLC
788 SHREWSBURY AVE., SUITE 204
TINTON FALLS, NJ 07724

New Jersey. CTSC has 37 offices in the United States and employs approximately 40,000 employees locally. CTSC made over $13.4 billion in revenue in the past fiscal year. The company derives over 78% of its revenue from North America, the vast majority of which is from the United States.

4. Cognizant Technology Solutions U.S. Corporation was incorporated in 1996 and is also a Delaware corporation. It operates as a subsidiary of Cognizant Technology Solutions Corporation and is headquartered in College Station, Texas.

5. At all times relevant hereto, Cognizant conducted business in the State of New Jersey and drafted, executed, and submitted fraudulent invitation letters in the State.

## JURISDICTION AND VENUE

6. This action arises under the False Claims Act, 31 U.S.C. § 3729 *et seq.*

7. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 3732(a) (False Claims Act) and 28 U.S.C. § 1331 (Federal Question).

8. This Court has personal jurisdiction over the Defendants because they are located within the District of New Jersey, and regularly provide information technology and consulting services within this District.

9. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391(b)-(c) and 31 U.S.C. § 3732(a) because Cognizant conducts business within this District, maintains its world headquarters within this District, and committed the

THE LAW OFFICE OF JONATHAN RUDNICK LLC
788 SHREWSBURY AVE., SUITE 204
TINTON FALLS, NJ 07724

acts proscribed by 31 U.S.C. § 3729 – acts giving rise to this action – within this District.

## FACTUAL ALLEGATIONS

***Cognizant's Fraudulent Invitation Letter Practices***

10. Since at least January 2015, Cognizant has drafted, executed, and submitted fraudulent invitation letters to the United States Citizenship and Immigration Services ("USCIS") in order to procure visas for its foreign employees. As part of each visa application, Cognizant must establish that that a specific job at a specific location is available for the person for whom Cognizant seeks the visa. *See* 20 C.F.R. § 655.730(c)(4) (discussing required content of Labor Condition Applications that accompany visa petitions). Invitation letters help to establish these requirements by certifying that the foreign worker employed by Cognizant will work in a specific job, at a specific U.S.-based location, and under the supervision and control of a specific Cognizant employee (*i.e.*, the employee's anticipated supervisor or manager in the U.S.). These representations, however, are often false. The jobs that Cognizant certifies exist, routinely do not exist.

11. Cognizant's use of fraudulent invitation letters is designed to maximize the number of H-1B and L-1 visas it can secure from the federal government each year. Because the U.S. government imposes a strict cap on the number of visas issued annually, corporations must compete through a lottery system for the 65,000 visas

THE LAW OFFICE OF JONATHAN RUDNICK LLC
788 SHREWSBURY AVE., SUITE 204
TINTON FALLS, NJ 07724

available each year. While invitation letters are just one part of an individual's visa application, these letters are generally required by USCIS to provide evidence of the employer-employee relationship and also help to reduce the likelihood that the visa application will be rejected by USCIS.

12. Cognizant's misuse of the visa system allows it to create an inventory of foreign workers residing in India available to fill U.S. positions. While the invitation letters purport to identify jobs that exist in the U.S. and will be filled by foreign workers for whom Cognizant seeks a visa, these jobs often do not exist. Cognizant's misrepresentations concerning the availability of jobs to be filled by foreign workers in the U.S. allows it to obtain visas in excess of its actual staffing needs and to create an inventory of visa workers in India. These visa workers can relocate to the United States at a moment's notice once work becomes available within the company. Cognizant uses this inventory to promptly fill open positions in the U.S. with visa-ready foreign employees, as opposed to qualified workers residing in the U.S. who do not require a visa.

13. Accordingly, the false representations made in Cognizant's invitation letters violate 31 U.S.C. § 3729 and have deprived the United States of its property interest in the fraudulently-obtained visas. Further, Cognizant's conduct has foreclosed other foreign workers the opportunity to work in the United States,

THE LAW OFFICE OF JONATHAN RUDNICK LLC
788 SHREWSBURY AVE., SUITE 204
TINTON FALLS, NJ 07724

thereby depriving the United States of the benefit that would be provided by these workers.

14. Once these workers are in the United States, they are not paid the greater of the actual wage rate for the position, or the prevailing wage, as required by 20 C.F.R. § 655.731(a). Cognizant's visa workers, in fact, are paid substantially less than their U.S. counterparts who perform the same work. On information and belief, Cognizant pays its H-1B visa workers approximately 20-30% less than its U.S. employees performing the same work. Accordingly, the U.S. government is deprived of significant tax revenue.

15. Further, Cognizant provides visa workers who relocate within the U.S. with a cost-of-living adjustment ("COLA") as part of their transfer compensation packages. On information and belief, Cognizant considers COLA to be a per diem benefit and nontaxable income. As a result, this amount (approximately $5,000) is not declared by Cognizant as part of its foreign emplyees' wages, thereby depriving the U.S. government of significant tax revenue.

16. Cognizant also uses these fraudulent invitation letters to obtain B-1 visas for foreign nationals. B-1 visas permit foreign workers to temporarily enter the United States for business purposes such as consulting with business associates, traveling for business meetings and conventions, acting as a speaker or lecturer, negotiating contracts, participating in training, and other temporary activities.

THE LAW OFFICE OF JONATHAN RUDNICK LLC
788 SHREWSBURY AVE., SUITE 204
TINTON FALLS, NJ 07724

Individuals on B-1 visas are not permitted to engage in skilled or unskilled labor while in the U.S. Cognizant, however, secures B-1 visas to bring employees to the United States to perform skilled and unskilled labor that would otherwise be performed by U.S. citizens or H-1B visa holders. By circumventing the limitations set forth by U.S. visa laws, Cognizant is committing visa fraud. Moreover, because B-1 workers are not required to pay taxes due to their limited duration in the U.S., the United States government is deprived of tax revenue that would otherwise be received from U.S. citizens or H-1B visa workers performing this skilled and unskilled labor.

***Relator Jean-Claude Franchitti***

17. Relator Jean-Claude Franchitti was hired by Cognizant in April 2007. He worked as a Director for Cognizant's Advanced Solution Group, Cloud Convergence Group, and Global Technology Office ("GTO") business units until his promotion to Assistant Vice President in 2011. Mr. Franchitti worked out of Cognizant's global headquarters located at 500 Frank W. Burr Boulevard in Teaneck, New Jersey and also worked remotely from his home in New York.

18. As an Assistant Vice President, Mr. Franchitti served as a key member of Cognizant's management team and oversaw more than 250 employees throughout the years. Mr. Franchitti reported to Raj Bala, Chief Technology Officer and Senior

THE LAW OFFICE OF JONATHAN RUDNICK LLC
788 SHREWSBURY AVE., SUITE 204
TINTON FALLS, NJ 07724

Vice President of GTO, and Mark Livingston, Executive Vice President and Head of Cognizant's Business Consulting Group.

19. As part of Mr. Franchitti's job duties, he was required to sign invitation letters used to support the visa applications of Cognizant employees located outside of the United States. These invitation letters certified that the foreign worker for whom Cognizant had filed a visa petition would "report directly" to Mr. Franchitti and that Mr. Franchitti would serve as the employee's "immediate supervisor." The invitation letters also certified that the foreign worker would be "assigned to work at Cognizant's office at Cognizant Technology Solutions, 500 Frank W. Burr Blvd, Teaneck, NJ 07666." Attached hereto as Exhibit 1 is a true and correct copy of four (4) of the invitation letters Mr. Franchitti was required to sign during his tenure with Cognizant. Mr. Franchitti estimates that he signed hundreds of these letters in his role as Assistant Vice President. However, the vast majority of the jobs purportedly located at Cognizant's office in Teaneck, New Jersey never existed.

20. In or around May 2014, Mr. Franchitti noticed that the employees for whom he had executed invitation letters did not work at Cognizant's Teaneck, New Jersey location, and were not working under his supervision and control. Mr. Franchitti repeatedly voiced concerns to his supervisor, Mr. Bala, regarding the invitation letters and the fact that the letters might contain false or fraudulent information. Mr. Bala repeatedly dismissed his concerns. Mr. Franchitti also

THE LAW OFFICE OF JONATHAN RUDNICK LLC
788 SHREWSBURY AVE., SUITE 204
TINTON FALLS, NJ 07724

complained that it was wrong to replace non-South Asian employees with less qualified South Asian workers. Mr. Franchitti was reassured by Mr. Bala, however, that Cognizant's practices were legal and that he had nothing to worry about.

21. After Mr. Franchitti reported his concerns to Cognizant management, Mr. Bala transferred some of Mr. Franchitti's responsibilities in North America to another Cognizant employee, Joseph Tobolski. Mr. Tobolski assumed the responsibility for signing and certifying the information contained within the invitation letters and Mr. Franchitti was removed completely from this activity.

## CAUSES OF ACTION

### COUNT I
### (Violations of the False Claims Act)
### (31 U.S.C. § 3729)

22. Relator re-alleges and incorporates Paragraphs 1 through 20 by reference as if fully set forth herein.

23. As described in this *Qui Tam* Complaint, Defendants knowingly drafted, executed, and submitted to the United States government fraudulent invitation letters used to secure visas for its foreign workforce.

24. The United States government has been harmed as a direct result of Cognizant's violations of the False Claims Act, as these actions deprived the government of its property and also the benefits that would be conferred on the United States by qualified visa workers.

THE LAW OFFICE OF JONATHAN RUDNICK LLC
788 SHREWSBURY AVE., SUITE 204
TINTON FALLS, NJ 07724

25. For each False Claims Act violation, Cognizant is subject to penalties of up to $10,000 for each improper act and three times the amount of damages sustained by the Federal government.

**PRAYER FOR RELIEF**

WHEREFORE, Relator prays that the Court enter judgment against Defendants, and in favor of the United States and Relator as follows:

1. A declaratory judgment that the practices complained of herein are unlawful and violate 31 U.S.C. § 3729;
2. Imposition of the maximum amount of civil penalties permitted for each of Cognizant's False Claims Act violations;
3. Civil penalties in the amount of three times the actual damages suffered by the federal government as a result of Cognizant's actions;
4. A permanent injunction against Cognizant and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in unlawful policies, practices, customs, and usages set forth herein;
5. Relator seeks a fair and reasonable amount of any award for his contribution to the Government's investigation and recovery pursuant to 31 U.S.C. §§ 3730(b) and (d) of the False Claims Act, plus interest.

THE LAW OFFICE OF JONATHAN RUDNICK LLC
788 SHREWSBURY AVE., SUITE 204
TINTON FALLS, NJ 07724

6. Award all reasonable attorneys' fees, expert witness fees, expenses, and costs of this action;
7. Pre- and post-judgment interest; and
8. Such other relief on behalf of the Relator and/or the United States of America as this Court deems just and appropriate.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury.

Dated: August 22, 2017

Jonathan Rudnick, Esq.
The Law Office of Jonathan Rudnick LLC
788 Shrewsbury Avenue, Suite 204
Tinton Falls, NJ 07724
(732) 842-2070
(732) 879-0213 (Fax)
jonr@ronrudlaw.com

*Attorney for Relator*

OF COUNSEL:

Daniel A. Kotchen
Daniel L. Low
KOTCHEN & LOW LLP
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
(202) 471-1995
(202) 280-1128 (Fax)
dkotchen@kotchen.com
dlow@kotchen.com

THE LAW OFFICE OF JONATHAN RUDNICK LLC
788 SHREWSBURY AVE., SUITE 204
TINTON FALLS, NJ 07724