# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

JEAN-CLAUDE FRANCHITTI, on behalf of the UNITED STATES OF AMERICA,

      Plaintiffs,

v.

COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION and COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION,

      Defendants.

Civil Action No. 3:17-cv-06317

# RELATOR'S OPPOSITION TO MOTION FOR LEAVE TO FILE BRIEF OF THE CHAMBER OF COMMERCE AS *AMICUS CURIAE*

# TABLE OF CONTENTS

Table of Contents ................................................................................................ i

Table of Authorities ........................................................................................... ii

Relator's Opposition to Motion for Leave to File Brief of the Chamber of Commerce As *Amicus Curiae* ..............................................................................1

I.   Facts .............................................................................................................2

II.  Legal Standard ...........................................................................................4

III.  Argument ....................................................................................................5

       A.   The Chamber Has No Special Interest in This Case. ............................5

       B.   The Chamber's Interests Are Adequately Represented by Cognizant. ...6

       C.   The Chamber's Brief Is Not Timely or Useful. ....................................7

       D.   The Chamber Is Partial to Cognizant and Its Requested Outcome. ......11

IV. Conclusion ...............................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Allstate Ins. Co. v. Glob. Med. Billing, Inc.*, No. 09-14975, 2012 WL 344930 (E.D. Mich. Feb. 1, 2012)..............................................................................................9

*Bernstein v. Twp. of Freehold, N.J.*, No. 07-cv-4110 (FLW), 2008 WL 11510751 (D.N.J. Jan. 4, 2008) ...................................................................................6

*Church & Dwight Co., Inc. v. Abbott Labs.*, 545 F. Supp. 2d 447 (D.N.J. 2008).....8

*Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186 (D.N.J. 2013).................7

*Dwelling Place Network v. Murphy*, No. 20-cv-6281 (RBK/AMD), 2020 WL 3056305 (D.N.J. June 9, 2020) ............................................................................6

*FTC v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602 (D.N.J. 2014)...............4, 9

*Granillo v. FCA US LLC*, No. 16-cv-153 (FLW) (DEA), 2018 WL 4676057 (D.N.J. Sept. 28, 2018) ................................................................................ passim

*Hankins v. Phila. Contributionship Ins. Co.*, No. 15-cv-203, 2020 WL 4199742 (D.N.J. July 22, 2020) .................................................................................10

*Hospira, Inc. v. Sandoz, Inc.*, No. 09-4591, 2014 WL 794589 (D.N.J. Feb. 27, 2014) ........................................................................................................4, 9

*Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923 (N.D. Cal. 2019) .............................9

*Liberty Lincoln Mercury v. Ford Mktg. Corp.*, 149 F.R.D. 65 (D.N.J. 1993)9,    11, 12

*Mitchell v. Twp. of Willingboro Municipality Gov't.*, 913 F. Supp. 2d 62 (D.N.J. 2012) ...........................................................................................................8

*P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349 (D.N.J. 2001) ...........................................................................................................8

*Price v. Corzine*, No. 06-1520, 2006 WL 2252208 (D.N.J. Aug. 7, 2006)...........6, 7

*Prof'l Drug Co. v. Wyeth Inc.*, No. 11-5479, 2012 WL 4794587 (D.N.J. Oct. 3, 2012) ................................................................................................... 5, 7, 12

*Ryan v. CFTC*, 125 F.3d 1063 (7th Cir. 1997) ....................................................11

*S. Realty Mgmt., Inc. v. Aspen Specialty Ins. Co.*, No. 1:08-CV-00572-JOF, 2010 WL 966426 (N.D. Ga. Mar. 12, 2010) .........................................................10

*Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553 (E.D. Pa. 1999).............5

*Smith v. Chrysler Fin. Co. LLC*, No. Civ.A. 00-6003(DMC) 2003 WL 328719
   (D.N.J. Jan. 15, 2003) ............................................................................ 10, 11, 12

*Yip v. Pagano*, 606 F. Supp. 1566 (D.N.J. 1985) ..................................................4, 5

**Statutes**

28 U.S.C. § 1292(b) ........................................................................................ 10, 11

**Rules**

Local Rule 7.1(i) ..................................................................................................7, 8

## RELATOR'S OPPOSITION TO MOTION FOR LEAVE TO FILE BRIEF OF THE CHAMBER OF COMMERCE AS *AMICUS CURIAE*

Proposed amicus U.S. Chamber of Commerce ("Chamber") moves to submit an amicus brief repeating many of the same arguments made by Defendants Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation ("Cognizant"), and also arguing that businesses would be negatively impacted if they were held liable under the False Claims Act for perpetrating the type of fraud alleged in this case, even though the federal government has warned that H-1B visa fraud like that alleged in this case can lead to lower pay and lost job opportunities for U.S. workers.[1]  The Chamber states that it is a "business federation," and that its interest in this case is "to represent the interests of its members," including "ensuring that its members are not subjected to lawsuits" like this one, so it seeks to overturn the Court's order. Mem. at 2 (Dkt. #36-1).

The Chamber's proposed brief offers no insights or arguments relevant to reconsideration or certification of the issue for interlocutory appeal that have not already been presented by Cognizant, a large corporation with vast resources that is

---

[1] *See* Combating Fraud and Abuse in the H-1B Visa Program, U.S. CITIZENSHIP AND IMMIGRATION SERVICES (Feb. 9, 2021) https://www.uscis.gov/scams-fraud-and-misconduct/report-fraud/combating-fraud-and-abuse-in-the-h-1b-visa-program ("Employers who abuse the H-1B visa program may negatively affect U.S. workers, decreasing wages and opportunities as they import more foreign workers.").

well-represented by its counsel in this matter.  As such, the proposed amicus brief

will not assist the Court in deciding Cognizant's pending motion for reconsideration

(or for certification of the issue for interlocutory appeal).  The Chamber is partial to

Cognizant and an outcome favorable to Cognizant.  The Chamber does not profess

to have any direct or special interest in the case, though Cognizant is a member of

the Chamber and a key donor to the Chamber.  As such, the Chamber's motion for

leave should be denied.

## I.      FACTS

Cognizant moved to dismiss Relator Jean-Claude Franchitti's First Amended

Complaint on February 17, 2021, and briefing was completed on April 6, 2021.

Dkts. #18, 24.  No amicus brief was filed.  Oral argument was held on July 20, and

on August 17, the Court denied in part Cognizant's motion to dismiss. Dkts. #31,

32.

On August 31, Cognizant moved for reconsideration of the decision, and

alternatively for certification of the issue for interlocutory appeal, largely repeating

merits arguments raised in its original briefing, such as discussing at length *Lesnik*

*v. Eisenmann SE*.  Dkts. #33, 33-1.  On September 9, 2021, the U.S. Chamber of

Commerce moved for leave to file an amicus brief in support of Cognizant's

positions.  Dkt. #36.  In its proposed brief, the Chamber repeats many of the

arguments made by Cognizant, including extended discussion of *Lesnik*. Dkt. #36-2.

Cognizant is a member of the Chamber, and a substantial donor.  While the Chamber does not publicly disclose its donors,[2] the website of the U.S. Chamber of Commerce Foundation, an affiliate of the Chamber, discloses that the Cognizant Foundation is a "key donor"—one of only a handful of key donors listed.[3] [4] Relator's counsel asked the Chamber's counsel to disclose the level of contributions made by Cognizant to the Chamber, but the Chamber's counsel declined to do so.

In seeking leave to file, the Chamber represents that its interests include "represent[ing] the interests of its members in matters before Congress, the Executive Branch, and the courts," and that it "regularly files *amicus curiae* briefs in cases . . . of concern to the nation's business community."  Mem. at 2.  The Chamber also states that it has an interest, as a federation for the "business

---

[2] Eric Lipton, *et al*, Top Corporations Aid U.S. Chamber of Commerce Campaign, THE NEW YORK TIMES (Oct. 21, 2010), *available at* https://www.nytimes.com/2010/10/22/us/politics/22chamber.html ("The chamber makes no apologies for its policy of not identifying its donors.").

[3] Who We Are, U.S. CHAMBER OF COMMERCE FOUNDATION (last accessed Sept. 17, 2021), *available at* https://www.uschamberfoundation.org/about-cew

[4] The Cognizant Foundation was funded by Cognizant and is a related party. Cognizant Annual Report, 2020 10-K at F-42 n.18, *available at* https://investors.cognizant.com/financials/annual-reports/default.aspx ("Related Party Transactions[:] In 2018, we provided $100 million of initial funding to the Cognizant U.S. Foundation.").

community," in "ensuring that the theory of False Claims Act liability . . . endorsed by the Court's order does not take hold." *Id.* at 4.

## II.   LEGAL STANDARD

"'[A]t the district court level, 'the aid of amicus curiae may be less appropriate than at the appellate level.'" *Granillo v. FCA US LLC*, No. 16-cv-153 (FLW) (DEA), 2018 WL 4676057, at *4 (D.N.J. Sept. 28, 2018) (quoting *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985)). In a district court, a motion for leave to file an amicus brief is "'a matter to be decided in this Court's discretion.'" *FTC v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 632 n.1 (D.N.J. 2014) (quoting *Hospira, Inc. v. Sandoz, Inc.*, No. 09-4591, 2014 WL 794589, at *4 (D.N.J. Feb. 27, 2014)).

"'Leave to so file may be granted if a court desires assistance in the understanding of an issue, and if the information offered is timely and useful.'" *Id.* (quoting *Hospira*, 2014 WL 794589, at *4).

In deciding whether to grant leave to a proposed amicus, district courts sometimes consider four factors, guided by the Third Circuit's application of Federal Rule of Appellate Procedure 29, namely whether: "'(1) the amicus curiae has a special interest in the particular case; (2) the amicus curiae's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case.'"

*Granillo*, 2018 WL 4676057, at *4 (quoting *Prof'l Drug Co. v. Wyeth Inc.*, No. 11-5479, 2012 WL 4794587, at *1 (D.N.J. Oct. 3, 2012)).

## III.   ARGUMENT

The Chamber's motion for leave to file should be denied because: (a) the Chamber has no special interest in this case, but only a generalized interest; (b) its interests are already competently represented by Cognizant; (c) its proposed brief is not timely or useful to the Court where it did not seek leave to file during merits briefing and the brief largely repeats Cognizant's arguments on reconsideration; and (d) the Chamber is partial to Cognizant, a member and a significant donor, and to the outcome favored by Cognizant.

## A.   <u>The Chamber Has No Special Interest in This Case.</u>

When evaluating the interests of a potential amicus, courts look to whether it has "'interests which would be ultimately and directly affected by the court's ruling on the substantive matter before it.'" *Id.* at *5 (quoting *Yip*, 606 F. Supp. at 1568). "The potential amici must show more than simply 'a generalized interest in all cases' of a similar subject matter." *Id.* (quoting *Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999)).

The Chamber has not demonstrated a special interest in this case sufficient to justify amicus status. In describing its interests, the Chamber explains that it "regularly files *amicus curiae* briefs in cases, like this one, that raise issues of

concern to the nation's business community."  Mem. at 2.  And it states that it has

an interest in "ensuring that *its members* are not subjected to lawsuits threatening . .

. FCA liability" for fraudulent representations similar to Cognizant's.  *Id.* (emphasis

added).  These generalized interests fail to satisfy the special interest standard, as the

Chamber would not be "directly affected."  *Granillo*, 2018 WL 4676057, at *5.

When an organization regularly files amicus briefs in cases involving a similar

subject matter, as here, courts find that this constitutes "precisely the type of

generalized concern that is not, by itself, sufficient to grant amicus status."  *Id.*;

*accord Dwelling Place Network v. Murphy*, No. 20-cv-6281 (RBK/AMD), 2020 WL

3056305, at *2 (D.N.J. June 9, 2020); *Bernstein v. Twp. of Freehold, N.J.*, No. 07-

cv-4110 (FLW), 2008 WL 11510751, at *2 (D.N.J. Jan. 4, 2008) (denying leave to

ACLU on First Amendment issue).

**B.**     **The Chamber's Interests Are Adequately Represented by Cognizant.**

"[C]ourts tend to reject proposed amicus brief[s] when parties are 'adequately

represented by competent counsel.'"  *Granillo*, 2018 WL 4676057, at *5 (quoting

*Price v. Corzine*, No. 06-1520, 2006 WL 2252208, at *3 (D.N.J. Aug. 7, 2006)).

Cognizant is represented by Gibson Dunn, a firm with vast resources and over 1,400

lawyers, which advertises its litigation practice as having received numerous

accolades.[5]  Gibson Dunn thoroughly briefed its motion to dismiss, and its motion

for reconsideration or for certification of the issue for interlocutory appeal.  *Price*,

2006 WL 2252208, at *3 (finding adequate representation of party was "apparent

from their attorney's work thus far").  The Chamber does not dispute that Cognizant

is adequately represented by competent counsel.

And the Chamber does not identify any interests that diverge from

Cognizant's interests.  *Prof'l Drug Co.*, 2012 WL 4794587, at *2 (denying leave

where "Plaintiffs are represented by competent counsel" and proposed amicus "has

not expressed an interest that is not represented competently in this case").

Because Cognizant and the Chamber's interests are already well-represented,

leave should be denied.  *Id.*; *Granillo*, 2018 WL 4676057, at *5; *Price*, 2006 WL

2252208, at *3.

**C.     The Chamber's Brief Is Not Timely or Useful.**

The Chamber's proposed amicus brief is neither timely nor useful to the

motion for reconsideration.  Reconsideration is governed by Local Rule 7.1(i) and

is an "'extraordinary remedy,'" granted "'very sparingly.'"  *Clark v. Prudential Ins.

Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (citation omitted).  The movant

bears the burden on reconsideration to demonstrate either (1) an intervening change

---

[5] *See* Experience Recognized Worldwide, GIBSON DUNN (last accessed Sept. 17, 2021), *available at* www.gibsondunn.com/experience-recognized-worldwide/.
.

in controlling law; (2) new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. *Mitchell v. Twp. of Willingboro Municipality Gov't.*, 913 F. Supp. 2d 62, 77-78 (D.N.J. 2012). To prevail under the third prong, the movant must demonstrate that "'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *Id.* (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)); *accord* L.R. 7.1(i) (permitting motion for reconsideration based on "the matter or controlling decisions which the party believes the Judge or Magistrate Judge overlooked"). Generally, the moving party is "not entitled to raise new arguments that could have been addressed in the original moving and responsive papers." *Church & Dwight Co., Inc. v. Abbott Labs.*, 545 F. Supp. 2d 447, 450 (D.N.J. 2008).[6]

Here, the Chamber's brief is not timely or useful to reconsideration. The Chamber did not seek leave to file an amicus brief while Cognizant's motion to dismiss was pending, but waited until after a decision on the merits, and arguments raised for the first time on a motion for reconsideration cannot serve as a basis for reconsideration and are therefore untimely. *See Allstate Ins. Co. v. Glob. Med.*

---

[6] Amici briefs can almost never be helpful for courts determining whether reconsideration is appropriate given the narrowness of the inquiry. To the extent that an amicus actually adds something different from what was already presented, it is likely an impermissible new argument that the movant should have raised earlier.

*Billing, Inc.*, No. 09-14975, 2012 WL 344930, at \*5 (E.D. Mich. Feb. 1, 2012) (denying motion for leave to file amicus on motion for reconsideration of motion to dismiss where proposed amicus "had the opportunity to become involved in the case" at the motion to dismiss stage).

The Chamber's arguments rely heavily on *Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 939-941 (N.D. Cal. 2019), largely repeat Cognizant's arguments, and are not useful to this Court, which already considered and decided the issues in dispute after full briefing from the parties.[7]  *Liberty Lincoln Mercury v. Ford Mktg. Corp.*, 149 F.R.D. 65, 83 (D.N.J. 1993) (denying leave where arguments "merely repeat" the parties' arguments, and to the extent that they were not repetitious, "they are irrelevant to the determination of the issues"); *Wyndham Worldwide Corp.*, 10 F. Supp. 3d at 632 n.1 (denying leave to U.S. Chamber of Commerce to file brief in support of interlocutory appeal where the court "'requires no further assistance'") (citation omitted); *Hospira*, 2014 WL 794589, at \*4 (denying leave where "[t]his Court requires no further assistance in this dispute").

While the Chamber also makes hyperbolic arguments about the impact on the business community of being held accountable for fraudulent practices, such

---

[7] On the "tax bar" issue, the Chamber seeks to weigh in, but does not even bother paraphrasing Defendants' arguments. *See* Proposed Br. at 15, n. 7 (Dkt. 36-2) ("For the reasons defendants explain (*see* Dkt No. 33-1, at 11-13), to the extent that the order upheld a theory of False Claims Act liability based on [tax] underpayments, the order . . . was an incorrect application of governing law.").

9

arguments are not relevant to whether this Court made a clear error of law.  *See Smith v. Chrysler Fin. Co. LLC*, No. Civ.A. 00-6003(DMC) 2003 WL 328719, at \*9-10 (D.N.J. Jan. 15, 2003) (denying leave where argument that "price setting flexibility is essential to a free marketplace" was "inapplicable to the Court's understanding" in discriminatory lending case); *see also S. Realty Mgmt., Inc. v. Aspen Specialty Ins. Co.*, No. 1:08-CV-00572-JOF, 2010 WL 966426, at \*5 (N.D. Ga. Mar. 12, 2010) (denying leave where proposed amicus brief raised new arguments, which are not allowed on a motion for reconsideration).

Moreover, the Chamber's proposed arguments do not identify any clear errors of law or any manifest injustice, failing to satisfy the standard for reconsideration. *Hankins v. Phila. Contributionship Ins. Co.*, No. 15-cv-203, 2020 WL 4199742, at \*5 (D.N.J. July 22, 2020) (denying leave to file amicus brief on motion for reconsideration where it "failed to identify any clear error of law" in the original opinion); *Granillo*, 2018 WL 4676057, at \*4.

The Chamber also seeks to weigh in on Cognizant's "alternative" request for certification of the case for interlocutory appeal, which is appropriate only when the order "involves a controlling question of law as to which there is substantial ground for difference of opinion *and* that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b) (emphasis added).  Here, the Chamber seeks to add its "additional perspective . . . on the

10

repercussions that naturally arise from the Court's reverse false claim holding."

Mem. at 4.  But this is not a relevant consideration under § 1292(b), and therefore

not useful to the Court.  Similarly, the Chamber's arguments that largely rehash

Cognizant's arguments on certification for interlocutory appeal are not useful.

**D.**     **The Chamber Is Partial to Cognizant and Its Requested Outcome.**

Motions for leave to file an amicus brief are often denied when the amicus is

partial to a party or an outcome.  *Granillo*, 2018 WL 4676057, at *4 (examining

whether the amicus is "'partial to a particular outcome in the case'") (citation

omitted); *Liberty Lincoln*, 149 F.R.D. at 82 ("When the party seeking to appear as

amicus curiae is perceived to be an interested party or to be an advocate of one of

the parties to the litigation, leave to appear *amicus curiae* should be denied."); *Smith*,

2003 WL 328719, at *8 ("some courts often require that the *amicus* be neutral");

*Ryan v. CFTC*, 125 F.3d 1063, 1063 (7th Cir. 1997) ("The vast majority of amicus

curiae briefs are filed by allies of litigants and duplicate the arguments made in the

litigants' briefs, in effect merely extending the length of the litigant's brief. Such

amicus briefs should not be allowed. They are an abuse. The term 'amicus curiae'

means friend of the court, not friend of a party.")

The Chamber's interests are aligned squarely with Cognizant's interests and

an outcome favorable outcome to Cognizant, a member of the Chamber and a key

donor to the Chamber and/or the Chamber Foundation.  The Chamber identifies its

11

interests as "represent[ing] the interests of its members . . . before . . . the courts,"
and "ensuring that . . . the Court's order does not take hold." Mem. at 2, 4. Cognizant
is a member of the Chamber, and the Chamber is here to represent Cognizant's
interests as one of its members. *Id.* The Chamber is partial to a particular outcome—
overturning the Court's order. Mem. at 4; *Prof'l Drug Co.*, 2012 WL 4794587, at
*2 ("[T]he extent to which the FTC is partial to a particular outcome weighs against
granting the agency's motion [for leave to file an amicus brief].").

The Chamber is not an impartial party, and leave should be denied. *Id.*;
*Liberty Lincoln*, 149 F.R.D. at 82; *Granillo*, 2018 WL 4676057, at *4; *Smith*, 2003
WL 328719, at *8.

## IV.   CONCLUSION

For the foregoing reasons, the Chamber's motion should be denied.

Dated: September 20, 2021               /s/Jonathan Rudnick
                                        Jonathan Rudnick, Esq.
                                        The Law Office of Jonathan
                                        Rudnick LLC
                                        788 Shrewsbury Avenue, Suite 204
                                        Tinton Falls, NJ 07724
                                        (732) 842-2070
                                        (732) 879-0213 (Fax)
                                        jonr@ronrudlaw.com

                                        Daniel A. Kotchen (*pro hac vice*)
                                        Lindsey M. Grunert (*pro hac vice*)
                                        KOTCHEN & LOW LLP
                                        1918 New Hampshire Ave. NW
                                        Washington, DC 20009

(202) 471-1995
(202) 280-1128 (Fax)
dkotchen@kotchen.com
lgrunert@kotchen.com

*Attorneys for Relator*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all

counsel of record by electronic service through the Clerk of the Court's CM/ECF

filing system.

Dated: September 20, 2021              By: /s/Jonathan Rudnick
                                      Jonathan Rudnick