# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEAN-CLAUDE FRANCHITTI,<br><br>*Plaintiff,*<br><br>v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS and COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION<br><br>*Defendants.* | Civil Action No.<br>3:17-cv-06317 (PGS)(LHG)<br><br>**MEMORANDUM AND ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING CERTIFICATION FOR INTERLOCUTORY REVIEW** |

This matter comes before the Court on Defendants Cognizant Technology Solutions and Cognizant Technology Solutions U.S. Corporation (together Defendant or "Cognizant") Motion for Reconsideration of this Court's August 17, 2021 Memorandum and Order (ECF No. 32) granting in part and denying in part Cognizant's Motion to Dismiss the qui tam complaint filed by Plaintiff Jean-Claude Franchitti ("Franchitti"). More specifically, Defendant seeks reconsideration of Count 2, Plaintiff's reverse False Claims Act (FCA) claim (31 U.S.C. §§ 3729 *et seq.*), of which the Court denied dismissal (ECF No. 33-1). In the alternative, Defendant seeks an order certifying this issue for interlocutory appeal[1]. For the reasons that follow, Defendant's motions are denied.

The facts of this case are set forth in this Court's August 17, 2021 Memorandum and Order (ECF No. 32), and are incorporated herein.

---

[1] On October 27, 2021, the United States Chamber of Commerce ("the Chamber") was allowed to file an amicus brief in support of Defendant's motion. (ECF No. 48). Oral argument was held on December 20, 2021.

## I.

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). *See generally*, *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). L. R. Civ. P. 7.1(i). The moving party must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate has overlooked." L. Civ. R. 7.1(i). The grounds for granting a motion for reconsideration are: (1) "an intervening change in the law," (2) "newly discovered evidence," or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Heine v. Bureau Chief Div. of Fire & Safety*, 765 F. App'x 816, 822 (3d Cir. 2019) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "Reconsideration is justified only when dispositive factual matters or controlling decisions of law . . . were presented to, but not considered by, the court in the course of making the decision at issue." *Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010) (internal quotation marks omitted); *see also* L. Civ. R. 7.1(i).

Reconsideration is not appropriate where the moving party raises an issue for the first time, *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001), or simply disagrees with the court's initial decision, *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988); *see also Johnson v. Berryhill*, No. CV 17-2490 (JMV), 2019 WL 78786 (D.N.J. Jan. 2, 2019). "A motion for reconsideration is not a vehicle to reargue the motion because reconsideration is an extraordinary remedy, requests pursuant to these rules are to be granted sparingly." *Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014) (internal quotation marks omitted).

## II.

### The Visa Fee Scheme

In its August 17, 2021 Memorandum and Order, the Court held that Franchetti plausibly stated a reverse false claim under 31 U.S.C. § 3729(a)(1)(G) ("section G").  To state a claim under section G, Franchitti was required to show that Cognizant concealed or avoided its "obligation," or "established duty," to pay the United States at the time of its fraudulent conduct. (ECF No. 32 at p. 10-13).  Franchetti sets forth a plausible claim by alleging that Cognizant fraudulently applied for less costly L-1 and B-1 visas where its foreign employees were required to obtain more expensive H-1B visas for the type of work they were undertaking.  *Id.*  Relying in part on Third Circuit precedent, it was decided:

> A plain language reading of the statute suggests that Cognizant had an obligation to pay the appropriate fee for the privileges associated with its desired visa.  This could be characterized as an "implied contractual" or "fee-based" relationship under 31 U.S.C. § 3729(b)(3).  By paying for L-1 and B-1 visas but directing its employees to perform work that required the more expensive H-1B visa, Cognizant decreased – and made false statements material to – its obligation to pay money to the government under 31 U.S.C. § 3729(a)(1)(G).  The internal email correspondence submitted by Franchitti is plausibly sufficient to allege that Cognizant committed this violation knowingly.  Finally, Cognizant's false statements are material because if it accurately represented the nature of its employees' work, its visa applications would likely have been rejected or its employees' visas revoked, consistent with USCIS policy and practice. (*See, e.g.*, ECF No. 17-26 at 18-19). The details and documentation of Cognizant's alleged fraud have been asserted with sufficient particularity to meet the heightened pleading requirements under Fed. R. Civ. P. 9(b).

(*Id.* at 12-13).

Relying on the law of other circuits, Cognizant urges this Court to reconsider this aspect of the prior Memorandum and Order.  Cognizant contends that this Court misinterpreted the

holding of two cases (*United States v. Pemco Aeroplex, Inc.*, 195 F.3d 1234 (11th Cir. 1999), and

*United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242 (3d Cir.

2016)) and failed to follow the reasoning of another case (*Lesnik v. Eisenmann SE*, 374 F. Supp.

3d 923 (N.D. Cal. 2019)).  These arguments merit little weight here because they were

considered in the initial motion.  It was previously determined that the rationales of *Pemco* and

*Victaulic* were more compatible with a plain reading of the FCA than Cognizant's interpretation;

and *Lesnik* was not controlling precedent because it was decided in another circuit.  *Camreta v.*

*Greene*, 563 U.S. 692, 709 n.7 (2011).  Indeed, Cognizant does not point to either any "matter or

controlling decision" which was "overlook[ed]" or any intervening change in the law which

could alter the Court's decision.  *Heine*, 765 F. App'x at 822; *Florham Park Chevron*, 680 F.

Supp. at 162.[2]

### III.

In its amicus brief, the Chamber insists this Court's interpretation of case law pertaining

to reverse false claims "establish[es] a wholly new, enormously expansive theory of FCA

liability," (Amicus Brief 3-4, ECF No. 49).  But as explained, this Court's holding is not as

"novel" as the Chamber submits because both *Pemco* and *Victualic* provide substantial precedent

in support of the ruling.

Additionally, the Chamber warns that the underlying ruling sets precedent from which

tens of thousands of visa applications submitted by American businesses annually will be subject

to a new level of scrutiny concerning reverse false claims liability under state and federal law.

(ECF No. 49).  This decision does not engender a "the sky is falling" reaction. Since this is an

---

[2] This Court has not considered Cognizant's argument that Franchitti failed to allege an avoidance of an obligation "independent of" Cognizant's alleged false claims, because it was not previously raised, and it was only mentioned in a footnote of Cognizant's brief.   *Bowers*, 130 F. Supp. 2d at 613.

early motion where no discovery has been completed, the final outcome may be vastly different. The only issue decided is that Franchitti has stated a plausible claim of relief upon which relief may be granted; but there are facts to be discovered and other motions where Cognizant may challenge the viability of the claims.

## IV.

### The Tax Bar

In the August 17, 2021 Memorandum and Order, the Court held that the tax bar under the FCA does not apply to Franchitti's allegations. (*Id.* at 15-18). In reaching this conclusion, the Second Circuit's two-part test was applied. *U.S. ex rel. Lissack v. Sakura Glob. Cap. Mkts., Inc.*, 377 F.3d 145 (2d Cir. 2004). (ECF No. 32 at p. 16-18). That test to determine whether the tax is applied is twofold: (1) whether the case depends entirely on a purported violation of the Tax Code; and (2) whether the IRS has authority to recover the precise amounts the Plaintiff is seeking. *Lissack*, 377 F.3d at 153. The first prong had not been met because the Immigration and Nationality Act, 8 U.S.C. §§1101 *et seq.*, regulates the pay of foreign workers and the Secretary of Labor enforces the regulation.[3] (ECF No. 32 at 17-18); 8 U.S.C. § 1182(n)(1)(A), (D) (*Id.* at 17). Based upon the fact that the case does not depend on a Tax Code violation, and the Court need not reach factor two.

Again, Cognizant simply disagrees with this Court's decision, and points to no controlling precedent overlooked by this Court, new case law, or newly discovered evidence. As

---

[3] The majority approach to applying to *Lissack* test does not apply the tax bar where the scheme violates non-tax statutory schemes. *E.g. U.S. ex rel. Calilung v. Ormat Indus., Ltd., No. 3:14-CV-00325-RCJ, 2015 WL 1321029, at *13-14 (D. Nev. Mar. 24, 2015); U.S. ex rel. Barber v. Paychex, Inc., No. 09-20990-CIV, 2010 WL 2836333, at *7 (S.D. Fla. July 15, 2010), aff'd sub nom. Barber v. Paychex Inc., 439 F. App'x 841 (11th Cir. 2011); Patriot Tax Int'l, LLC v. Diaz, No. CIVA 07-262-JBC, 2008 WL 2705450, at *4 (E.D. Ky. July 3, 2008).*

such, there is no proper ground for reconsideration. *Heine*, 765 F. App'x at 822; *Florham Park Chevron*, 680 F. Supp. at 162.

## V.

Alternatively, Cognizant seeks this Court to certify the reverse false claim and tax bar issues for interlocutory appeal. Interlocutory appeals are permitted where an "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292. "[A]ll three requirements must be satisfied for a court to certify an issue for appeal." *Weske v. Samsung Elecs., Am., Inc.*, 934 F. Supp. 2d 698, 709 (D.N.J. 2013) (internal quotation marks omitted). If all three criteria are met, a district court judge may – at his or her discretion – certify an issue to the circuit court for review. *Juice Entm't, LLC v. Live Nation Entm't, Inc.*, 353 F. Supp. 3d 309, 311-12 (D.N.J. 2018). Certification is "wholly discretionary." *Id.*

Under the first prong, "[a] controlling question of law . . . . means serious to the conduct of the litigation in a practical or legal sense." *FTC v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 633 (D.N.J. 2014) (internal quotation marks and citations omitted). As to the second prong, "mere disagreement with the district court's ruling does not constitute a 'substantial ground for difference of opinion' within the meaning of § 1292(b). The 'difference of opinion' must be a genuine doubt as to the correct legal standard." *Interfaith Cmty. Org., Inc. v. PPG Indus.*, 702 F. Supp. 2d 295, 319 (D.N.J. 2010) (internal quotation marks and citations omitted). Finally, an order "may materially advance the ultimate termination of the litigation" where a reversal would eliminate "(1) the need for trial; (2) complex issues that would complicate trial;

or (3) issues that would make discovery more costly or burdensome." *Wyndham Worldwide*, 10 F. Supp. 3d at 635 (internal quotation marks omitted).

Subject to my discretion, Cognizant's motion to certify questions of law related to the reverse false claim/visa fee scheme and the tax bar are denied. It does not comport with common sense to appeal on this motion to dismiss where there is an incomplete record, and when defendant can assert a motion for summary judgment for the same relief at a later time when more facts are developed. As a result, an early appeal does not advance the ultimate resolution of the case.

## ORDER

**THIS MATTER** having come before the Court on Defendant's motion for reconsideration of the August 17, 2020 order of this Court or, in the alternative, motion for certification of the order for interlocutory review (ECF No. 33); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons,

**IT IS** on this 28th day of February, 2022,

**ORDERED** that Defendant's motion for reconsideration (ECF No. 33) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's motion for certification for interlocutory review (ECF No. 33) is **DENIED.**

_Peter M Sheridan_
PETER G. SHERIDAN, U.S.D.J.