UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEAN-CLAUDE FRANCHITTI, on behalf of THE UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION and COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION, <br><br> Defendants. | Civil Action No. 17-6317 (PGS) (RLS) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

**SINGH, United States Magistrate Judge.**

**THIS MATTER** comes before the Court upon a Motion by Defendants Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation (collectively, "Defendants" or "Cognizant") to compel non-party the United States Department of Justice (the "DOJ") to produce records responsive to a May 19, 2022 *Touhy* letter request and subpoena (the "Motion"), served pursuant to the DOJ's administrative procedures, 28 C.F.R. §§ 16.21-16.29.  (Dkt. No. 82).  Relator Jean-Claude Franchitti ("Relator") and the DOJ oppose the Motion, (Dkt. Nos. 85, 88), to which Defendants replied, (Dkt. No. 92).  The Court has fully reviewed the submissions of the parties and considers the same without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b).  For the reasons set forth below, and for good cause shown, Defendants' Motion is hereby **DENIED IN PART** and **GRANTED IN PART**.

1

I. **BACKGROUND AND PROCEDURAL HISTORY**

As the facts are well-known to the parties and the Court, they are not set forth at length. Instead, only those facts and procedural history related to the instant application are discussed herein.

On August 22, 2017, Relator, a former employee of Defendants, brought this *qui tam* action on behalf of the United States, alleging that Defendants fraudulently misused certain work visas to import and employ foreign workers in violation of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733. (*See generally* Dkt. No. 1). The United States declined to intervene by way of Notice of Election publicly filed on July 17, 2020. (*See* Dkt. No. 4). After Defendants moved to dismiss the Complaint, (Dkt. No. 16), Relator filed a First Amended Complaint ("FAC") on January 27, 2021, (Dkt. No. 17). Defendants then filed a motion to dismiss Relator's FAC on February 17, 2021. (Dkt. No. 18).

On August 17, 2021, the District Court granted in part and denied in part Defendants' motion to dismiss, sustaining Relator's reverse false claim under 31 U.S.C. § 3729(a)(1)(G) while dismissing Relator's FCA claims under 31 U.S.C. § 3729(a)(1)(A) and (B). (*See generally* Dkt. No. 32). Notably, through that Opinion, the District Judge instructed the parties to conduct discovery on the issue of "whether the public disclosure bar applies and if so, whether [Relator] qualifies as an original source . . . as the first order of business." (Dkt. No. 32 at p. 15).

***Defendants' relevant discovery requests to Relator***

On April 20, 2022, Defendants served their first requests for production of documents to Relator seeking, *inter alia*,

> ALL DOCUMENTS provided by YOU to the DEPARTMENT OF JUSTICE as part of a required disclosure statement or other disclosure, including but not limited to any "written disclosure of substantially all material evidence and information the person

> possesses," and any supplements thereto, made to the DEPARTMENT OF JUSTICE pursuant to 31 U.S.C. § 3730(b)(2).

(Dkt. No. 82-3 at p. 8). Relator objected to the request based on his assertion that many of the sought-after documents were privileged. (*See* Dkt. No. 78 at p. 2). Notwithstanding that objection, Relator produced non-privileged documents and information, including "all communications with the DOJ on or before March 1, 2018 showing that Relator served the government[,]" a "fully redacted . . . disclosure statement[,]" and a privilege log identifying communications with the DOJ after March 1, 2018. (Jt. Ltr. to Hon. R. Singh, Aug. 31, 2022 at pp. 27-28).

By way of an informal discovery dispute letter, the parties raised with the Court Relator's privilege objections to Defendants' requests for an unredacted version of Relator's disclosure statement to the government and for Relator's communications with the DOJ. Through a January 31, 2023 Letter Order, the Court granted in part and denied in part Defendants' request to compel. (Dkt. No. 113). Notably, the Court found that the communications between Relator and the DOJ after March 1, 2018 were protected from disclosure under the attorney-client privilege and/or work product doctrine. (*See* Dkt. No. 113 at p. 9). However, the Court found that portions of the disclosure statement to the government were subject to disclosure. (*See* Dkt. No. 113 at p. 9).

### *Defendants' Touhy Request*

On May 19, 2022, Defendants served the DOJ with a subpoena and *Touhy* letter request seeking production of:

> all documents and communications between DOJ (including but not limited to the Civil Fraud Section or the United States Attorney's Office for the District of New Jersey) and Relator . . . regarding the allegations set forth in the Original and First Amended Complaints in the Action . . . includ[ing] documents provided by Relator to DOJ as part of a required disclosure statement or other disclosure[ and] . . . all non-privileged documents and communications to, from or between DOJ and any other government entity relating to this Action.

(Dkt. No. 82-4 at p. 2; Dkt. No. 89-1). On August 3, 2022, the DOJ declined to produce the requested documents pursuant to 28 C.F.R. § 16.26(a)(2), (b)(1), and (b)(5). (*See* Dkt. No. 82-6). In its declination letter, the DOJ noted that: (1) Defendants' requests were overly broad and unduly burdensome; (2) Defendants could obtain from Relator directly his communications with the DOJ; (3) public policy precludes the DOJ's disclosure of its communications with Relator; (4) Defendants' request for communications between the DOJ and other governmental agencies are irrelevant to the instant action; and (5) the law enforcement privilege, and other privileges, preclude production of the sought-after documents. (Dkt. No. 82-6 at pp. 4-5).

On September 16, 2022, Defendants filed the instant Motion, seeking to compel the DOJ to produce the documents and records sought by the May 19, 2022 *Touhy* request. (Dkt. No. 82). Defendants argue that the sought-after documents are relevant, and "critical," to whether the Public Disclosure Bar precludes Relator's claims and whether the allegedly fraudulent statements to the government meet the FCA's materiality requirement. (Dkt. No. 82-1 at p. 7). Both Relator and the DOJ oppose the Motion. Relator reasserts his objections based on privilege and further argues that Defendants do not meet their burden under the arbitrary and capricious standard imposed by the Administrative Procedures Act, 5 U.S.C. §§ 551-559, (the "APA"), or the less stringent undue burden standard applied to motions to compel pursuant to Federal Rule of Civil Procedure 45. (*See generally* Dkt. No. 85). Through its Opposition, the DOJ asserts the same objections as Relator and further contends that Defendants seek the same discovery from the government as it seeks from Relator. (*See generally* Dkt. No. 88). In their Reply, Defendants contend that, while the Motion is properly considered under Rule 45, it nevertheless overcomes both standards and should be granted. (*See generally* Dkt. No. 92).

Notably, on January 26, 2023, this Court granted Relator leave to file a Second Amended Complaint, which was filed on February 2, 2023. (Dkt. Nos. 106-07, 114, 133 (redacted)). Defendants then moved to dismiss the Second Amended Complaint on February 16, 2023.[1] (Dkt. No. 123).

## II.    LEGAL STANDARD

### A.    THE DOJ'S *TOUHY* REGULATIONS

The DOJ has promulgated regulations pursuant to 5 U.S.C. § 301 and *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), to apply to requests for the production of its records. *See* 5 U.S.C. § 301; 28 C.F.R. §§ 16.21-16.29. Accordingly, to obtain DOJ records, a requestor must submit a written statement that summarizes the information sought and its relevance to the proceeding. *See* 28 C.F.R. § 16.22(c), (d). Generally, the DOJ *Touhy* regulations preclude the DOJ from producing responsive records without obtaining the proper, prior internal approval. 28 C.F.R. § 16.22(a). In determining whether it may produce records, the DOJ should consider whether disclosure is precluded under 28 C.F.R. § 16.26(b). *See* 28 C.F.R. § 16.26(b) (precluding disclosure if doing so would: violate a statute, regulation, or procedural rule; reveal classified information; reveal a confidential source or informant; reveal trade secrets without the owner's consent; or reveal investigatory records compiled for law enforcement purposes and would interfere with enforcement proceedings or disclose investigative techniques or procedures, thereby impairing their effectiveness). If a consideration under 28 C.F.R. § 16.26(b) does not exist, then "the Deputy or Associate Attorney General will authorize disclosure unless, in that person's judgment," disclosure is not warranted because it is not appropriate under the applicable rules in

---

[1] As of the date of this Memorandum Opinion and Order, that Motion to Dismiss remains pending with the Court.

the underlying matter or based on an applicable privilege. 28 C.F.R. § 16.26(c) (referencing 28 C.F.R. § 16.26(a)(1)-(2)).

### B. STANDARD OF REVIEW

Generally, parties may seek discovery regarding any nonprivileged matter that is relevant to a party's claim or defense and that is "proportional to the needs of the case, considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The information need not be admissible at trial. *Id.* Nevertheless, pursuant to the Federal Rules of Civil Procedure, "the court must limit the . . . extent of discovery otherwise allowed . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C)(i). The scope of discovery is broad but not limitless, and discovery cannot "be used as a general fishing expedition." *Burgess v. Galloway*, Civ. No. 20-6744, 2021 WL 2661290, at *2 (D.N.J. Jan. 28, 2021) (citation and internal quotation marks omitted).

A party moving to compel discovery bears the initial burden of showing that the information is relevant. *See* Fed. R. Civ. P. 37(a); *Caver v. City Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). The party objecting to discovery must explain and support their objections. *See Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990). Importantly, the Court exercises discretion to limit discovery as appropriate and to adjudicate disputes over discovery such as this one. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999) (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)); *Forrest v. Corzine*, 757 F. Supp. 2d 473, 477 (D.N.J. 2010) ("Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances.").

A district court also "has broad discretion regarding the enforcement of subpoenas." *Tattle Tale Portable Alarm Sys., Inc. v. Calfee, Halter & Griswold, LLP*, Civ. No. 11-7013, 2012 WL 1191214, at *3 (D.N.J. Apr. 10, 2012) (citation omitted). A party seeking to compel records from a non-party federal governmental agency may seek review either "through a separate action commenced pursuant to the [APA], or alternatively, in the Court from which the subpoena was served pursuant to Rule 45." *Aiken v. Eady*, Civ. No. 14-1811, 2016 WL 452135, at *5 n.2 (D.N.J. Feb. 4, 2016) (noting that while there is no binding authority on whether an ancillary action under the APA must be filed or whether the issue may be considered as a discovery dispute in the underlying case, "[t]he majority view seems to be to consider the dispute as a discovery matter in the underlying litigation" (citing *Johnson v. Folino*, 528 F. Supp. 2d 548, 550-51 (E.D. Pa. 2007))).

Here, the parties dispute whether the applicable standard of review arises under Rule 45 of the Federal Rules of Civil Procedure or the APA.

### *Federal Rule of Civil Procedure 45*

Under Rule 45, a non-party may be compelled by subpoena to produce documents, permit an inspection of records, or appear for a deposition. *See* Fed. R. Civ. P. 45(d), (e); Fed. R. Civ. P. 34(c); Fed. R. Civ. P. 30(a)(1). The scope of discovery provided for under Rule 26 similarly applies to discovery sought via a Rule 45 subpoena on a non-party. *See* Fed. R. Civ. P. 45(a)(1); *in re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 501 (D.N.J. 2021); *accord E.S. by and through Sanchez v. Elizabeth Bd. of Educ.*, Civ. No. 20-1027, 2022 WL 2106382, at *2 (D.N.J. June 10, 2022). Nevertheless, "a non-party to litigation is afforded greater protection from discovery than a party." *Burgess*, 2021 WL 2661290, at *3 (citing *Chazanow v. Sussex Bank*, Civ. No. 11-1094, 2014 WL 2965697, at *2 (D.N.J. July 1, 2014)).

A party may move to compel discovery sought through a subpoena on a non-party, and such motion "must be made in the court where the discovery is or will be taken."[2] Fed. R. Civ. P. 37(a)(2). The movant must show that the sought-after discovery from the non-party is relevant and, if it does, then "the resisting non-party must explain why discovery should not be permitted." *Biotechnology Value Fund, L.P. v. Celera Corp.*, Civ. No. 14-4046, 2014 WL 4272732, at *1 (D.N.J. Aug. 28, 2014) (citations and internal quotation marks omitted). In certain instances, the Court has authority to modify a subpoena and "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or wavier applies; or . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv); *see also Schmulovich v. 1161 Rt. 9 LLC*, Civ. No. 07-597, 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007). An undue burden can exist when the subpoena is "unreasonable or oppressive." *In re Lazardis*, 865 F. Supp. 2d 521, 524 (D.N.J. 2011) (quoting *Schmulovich*, 2007 WL 2362598, at *4).

### *The APA*

A party contesting government activity under the APA must meet the arbitrary and capricious standard, which is a higher burden than that imposed under Rule 45. The APA:

> requires agencies to engage in reasoned decision making and directs that agency actions be set aside if they are arbitrary or capricious. Under this narrow standard of review, a court is not to substitute its judgment for that of the agency, but instead to assess only whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment[.]

*Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1905 (2020) (internal citations and editing and quotation marks omitted). As a result, a court will not set aside the DOJ's

---

[2] Notably, Defendants served the subpoena on the United States Attorney's Office for the District of New Jersey, suggesting that the discovery is located within this jurisdiction such that this is the proper venue for the dispute under Rules 45 and 37(a)(2) of the Federal Rules of Civil Procedure. (*See* Dkt. No. 89-1).

decisions in applying its *Touhy* regulations if that decision is rational, based on the relevant, applicable factors. *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42-43 (1983). The party challenging an agency action bears the burden of establishing that the decision is not rational but is arbitrary and capricious. *See Am. Farm Bureau Fed'n v. E.P.A.*, 984 F. Supp. 2d 289, 309 (M.D. Pa. 2013), *aff'd*, 792 F.3d 281 (3d Cir. 2015) (citing *Forest Guardians v. U.S. Fish & Wildlife Serv.*, 611 F.3d 692, 704 (10th Cir. 2010); *Taggart v. GMAC Mortg., LLC*, 2013 WL 4079655, at *3 n. 6 (E.D. Pa. Aug. 12, 2013)).

In the instant matter, the parties contest whether Rule 45 or the APA governs the standard of review here. However, for the reasons set forth below, the Court need not determine the proper standard on this Motion as the Court's application of either Rule 45 or the APA leads to the same result. *See Mickendrow v. Watner*, Civ. No. 20-007, 2021 WL 2821176, at *5 (D.N.J. July 7, 2021) (after holding that agency's decision was not arbitrary and capricious, declining to conduct "the less deferential Rule 45 analysis" as "the result would be the same"); *Johnson*, 528 F. Supp. at 551 (applying Rule 45 where a motion to compel would not be granted under either standard); *see also Harris v. McDonald*, Civ. No. 21-1851, 2022 WL 3599394, at *2 (M.D. Pa. Aug. 23, 2022) (same); *Fermaintt v. McWane, Inc.*, Civ. No. 06-5983, 2008 WL 1383665, at *4 (D.N.J. Dec. 17, 2008) (same).

**III.    DISCUSSION**

Defendants seek to compel the DOJ, a non-party, to produce two categories of documents: (1) documents and communications between the DOJ and Relator relating to Relator's allegations; and (2) "non-privileged documents and communications between DOJ and other government entities related to the subject matter of this litigation." (Dkt. No. 92 at p. 6). The DOJ objects to the first request as being unnecessarily cumulative or duplicative and to the latter as being

irrelevant, overly broad, unduly burdensome, and privileged. (Dkt. No. 88 at pp. 27-30). As an initial matter, as to documents and communications between the DOJ and Relator, the Court denies Defendants' Motion for the reasons set forth in its January 31, 2023 Letter Order, in which the Court found such communications subject to protections under applicable privileges. (*See* Dkt. No. 113 at pp. 6-10).

Turning then to Defendants' request for non-privileged documents and communications between the DOJ and other governmental entities, the Court considers each of the DOJ's objections in turn.

### A. RELEVANCY

Defendants claim the DOJ's non-privileged documents and communications with other governmental agencies regarding this action are relevant to this matter because such documents may relate to both the Public Disclosure Bar defense (i.e., that Relator was not an original source of the allegations) and Relator's claim of materiality under the FCA. (*See* Dkt. No. 82-1 at pp. 21-22; Dkt. No 82-1 at p. 16). In response, the DOJ argues that the requested interagency communications do not bear on the question of materiality because "any such communications would be about the mere awareness of allegations of potential violations, not 'actual knowledge' of them." (Dkt. No. 88 at p. 26). Defendants respond that even mere awareness of the alleged defects in Defendants' visa applications can still relate to the question of materiality. (Dkt. No. 82-1 at p. 17).

To determine if the sought-after documents are relevant, the Court considers, within its discretion, the specific facts at issue. *See Carchietta v. Russo*, Civ. No. 11-7587, 2014 WL 1789459, at *3 (D.N.J. May 6, 2014). Based on the record presented here, the Court finds that, if in fact the DOJ possesses communications with other governmental agencies that are not subject

to an applicable privilege, then those communications are relevant under the broad standard applied to discovery under the Federal Rules of Civil Procedure. Indeed, such communications could bear on the question of whether and when the government was aware or knew of the alleged conduct at issue here, thereby bearing on the question of materiality under the FCA. *See, e.g.*, *Universal Health Serv., Inc. v. United States*, 579 U.S. 176, 194-95 (2016) (finding proof of materiality under the FCA can include, but is not limited to, evidence that the government had actual knowledge of alleged violations); *United States ex rel. Spay v. CVS Caremark Corp.*, 875 F.3d 746, 764 (3d Cir. 2017) (recognizing that false claims were not material where the governmental agency was "well aware"). Here, because the request seeks documents and information clearly relevant, there is no basis under the DOJ's *Touhy* regulations to refuse production on an objection of relevancy. *See, e.g.*, *United States ex rel. Lewis v. Walker*, No. 06-16, 2009 WL 2611522, at *4 (M.D. Ga. Aug. 21, 2009). The Court, therefore, finds that the DOJ's objection based on relevancy is arbitrary and capricious.

    **B.**    **UNDUE BURDEN**

The Court next considers whether the DOJ's decision to decline production based on an alleged undue burden is arbitrary and capricious. Indeed, courts may limit discovery, particularly as to non-parties, where such discovery would pose an undue burden. *See in re Merck & Co.*, Civ. No. 2:05-cv-02367, 2012 WL 4764589, at *9 (Oct. 5, 2012); *see also* Fed. R. Civ. P. 26(b)(2)(C)(iii) (requiring courts to limit discovery when the "burden or expense of the proposed discovery outweighs its likely benefit . . ."). The DOJ contends that Defendants can seek the sought-after documents through public sources and/or other sources. (Dkt. No. 88 at p. 27). For example, the DOJ asserts that Defendants can glean responsive information from the website of the United States Citizenship and Immigration Services ("USCIS") as to the USCIS's visa policies

and practices. (Dkt. No. 88 at p. 27). However, as Defendants point out, the website does not provide documents reflecting intragovernmental communications relating to this action, which is what Defendants are seeking from the DOJ. (*See* Dkt. No. 92 at p. 12). The DOJ also asserts that Defendants may receive such sought-after interagency communications through *Touhy* requests to other agencies. (Dkt. No. 88 at p. 30). However, as evidenced by the multitude of third-party discovery motion practice before this Court, Defendants have been unsuccessful in obtaining the documents and communications from other governmental agencies.

Finally, the Court notes that the DOJ does not provide a rational basis on which it concluded that the production of any non-privileged communications with other governmental agencies as to this action would be unduly burdensome. Rather than describe any burden in searching or accessing the sought-after records, the DOJ simply states that it "makes little sense" for it to search for such records. (Dkt. No. 88 at p. 30). The Court disagrees with the DOJ. Having found that the sought-after documents are relevant to this matter, and without a showing of how a review or production of such documents would be burdensome in any way, the Court finds the DOJ's objection based on undue burden to be arbitrary and capricious here.

### C. OVERBREADTH

Throughout the DOJ's responses to Cognizant's *Touhy* request and its Opposition to the Motion at issue, DOJ objects that Cognizant's request for interagency communications is vague and overly broad. (*See* Dkt. No. 82-6 at p. 4; Dkt. No. 88 at pp. 8-9, 12-13, 24, 27, 30). Courts have previously upheld, under the APA, the DOJ's refusal of *Touhy* requests on overbreadth grounds. *See, e.g.*, *Aiken*, 2016 WL 452135, at *5 (quashing the plaintiff's subpoena based in part on the Court's determination that the request for "all information" in the government's "entire investigative and prosecutorial file" was vague and overly broad based on the needs of the case).

Here, Defendants' request is specifically targeted to non-privileged, relevant interagency communications about this lawsuit. There is nothing vague nor overbroad with the request, and the DOJ has not pointed to anything to suggest otherwise, other than reiterating its arguments that the entire request is irrelevant and seeks privileged information. (*See* Dkt. No. 88 at p. 27). While the DOJ contends that the request fails to "identify which DOJ records it seeks," (Dkt. No. 88 at p. 24), Defendants cannot more precisely itemize the records without first obtaining more information from the DOJ about what types of documents may be in its possession, custody, or control. Indeed, the request at issue does not seek the DOJ's entire file on this matter; rather, it is specifically targeted to non-privileged communications with other agencies about the allegations at issue. The DOJ has not proffered that such records would result in collecting and searching for a large volume of potentially irrelevant documents. The Court, therefore, finds that the DOJ's objection based on overbreadth is irrational and not tied to the facts of the case or the precise request at issue.

**D.    LAW ENFORCEMENT PRIVILEGE AND OTHER PRIVILEGES**

Finally, the DOJ argues that it was not obligated to produce responsive records because the law enforcement privilege, or some other privilege, protects the sought-after documents. (*See* Dkt. No. 88 at pp. 27-28).

Indeed, the application of the law enforcement privilege depends on a "fact intensive analysis" that considers the nature of the claim, the defenses, "the significance of the requested information, and other relevant factors." *Groark v. Timek*, 989 F. Supp. 2d 378, 390 (D.N.J. 2013) (citations omitted) (discussing ten-factor test to determine if the law enforcement privilege applied once it was properly invoked). Ultimately, the Court considers fundamental fairness in applying the privilege, "with an eye towards disclosure." *Torres v. Kuzniasz*, 936 F. Supp. 1201, 1210

(D.N.J. 1996).  The party asserting the privilege has the burden of showing the "specific harm that would ensue from [the documents'] disclosure," which outweighs their potential relevance. *Torres*, 936 F. Supp. at 1212.  Ultimately, the head of the agency must assert the privilege after having "personally reviewed the material and served 'precise and certain reasons for preserving' the confidentiality of the communications." *Groark*, 989 F. Supp. 2d at 390 (quoting *United States v. O'Neill*, 619 F.2d 222, 226 (3d Cir. 1980)); *see also D.A. v. Nielsen*, No. 18-cv-09214, 2018 WL 3158819, at *7 (D.N.J. June 28, 2018) (relying upon *Groark*'s statement of the "controlling test" of the applicability of law enforcement privilege to deny its application).

Here, the DOJ broadly asserts the privilege, contending that the array of documents requested "likely implicate privileges," (Dkt. No. 88 at p. 27), without producing a privilege log or specifying the bases for its privilege claims with respect to any specific documents.  However, courts reject such a "broad invocation" of the law enforcement privilege. *See Groark*, 989 F. Supp. 2d at 390 (quoting *O'Neill*, 619 F.2d at 225-26).  The DOJ's broad, blanket assertion of the privilege precludes the Court from conducting a fulsome analysis of whether such privilege applies to any specific document that would otherwise be responsive to the *Touhy* request at issue.  As a result, the mere surmise that the request would "likely" invoke a privilege is insufficient to articulate a satisfactory explanation for the DOJ's flat rejection of the *Touhy* request.  *See Cavanaugh v. Wainstein*, Civ. No. 05-123, 2007 WL 1601723, at *8 (D.C. June 4, 2007).

Accordingly, the Court finds that the DOJ's objection to the *Touhy* request on this basis was also arbitrary and capricious because it lacks a sufficiently rational basis based on the precise facts at issue here.[3]

## IV. CONCLUSION

The Court, therefore, finds that the DOJ's objections to the *Touhy* request, to the extent it seeks documents relating to interagency and intergovernmental communications, are arbitrary and capricious in violation of the APA. Because the DOJ failed to meet this standard under the APA, the DOJ similarly cannot meet the less deferential standard under Rule 45 of the Federal Rules of Civil Procedure.

However, the Court also finds that the DOJ's objections regarding its documents and communications with and between Relator were not arbitrary or capricious and should be sustained under Federal Rule of Civil Procedure 45 and the APA for the reasons previously set forth through the Court's January 31, 2023 Letter Order. For those reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Compel.

Having considered the submissions of the parties, and for the reasons set forth above,

**IT IS**, **THEREFORE**, on this **31st** day of **March 2023**, hereby

**ORDERED** that Defendants' Motion to Compel the DOJ (Dkt. No. 82) is hereby **DENIED IN PART and GRANTED IN PART**; and it is further

---

[3] Such finding is without prejudice to any assertion of an applicable privilege on a document-by-document basis following a review by the DOJ of otherwise responsive documents within its custody, control, or possession.

**ORDERED** that the DOJ shall provide non-privileged responsive information and documents consistent with this Memorandum Opinion and Order within twenty-one (21) days of this Order; and it is further

**ORDERED** that the Clerk of the Court is hereby directed to **TERMINATE** the Motion pending at Docket Entry Number 82.

**SO ORDERED**.

*/s/ Rukhsanah L. Singh*
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**